UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CR-20151-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA

v.

FRANCKLIN PIERRE,

    Defendant.
_____/

### REPORT AND RECOMMENDATIONS ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Defendant Francklin Pierre previously requested that the Court require each party evaluate his competency to stand trial and his intellectual ability to knowingly waive his *Miranda* rights. The Undersigned granted the request and required Defendant to submit to a psychological examination pursuant to Title 18, United States Code, Section 4241 and the procedures and requirements set forth in Section 4247.

The competency evaluations were conducted by a defense expert and the Federal Bureau of Prisons. Both experts concluded that the Defendant was incompetent to proceed to trial at this time. [ECF Nos. 171; 185; 188].

The Undersigned held a hearing, pursuant to Sections 4241(c) and 4247(d), to determine if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the

1

extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

At the competency hearing, Defendant, through counsel, and the Government stipulated to the admissibility of the psychological reports. Each party was given an opportunity to present additional evidence. Both parties agreed that Defendant is currently incompetent to stand trial.

Based on the uncontested reports, the Court found that the Defendant was mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

For these reasons, the Undersigned **respectfully recommends** as follows:

1. Defendant is not presently competent to stand trial in this matter.

2. Pursuant to 18 U.S.C. § 424l(d)(l), Defendant shall be committed to the custody of the Attorney General. The Attorney General shall immediately hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, which the Court has determined is three (3) months. During that time, the director of the facility in which Defendant is hospitalized is directed to:

   a. Conduct an evaluation to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the trial in this matter to proceed;

      b.      Conduct an evaluation to determine whether, pursuant to 18 U.S.C. §§ 4246(a) and (b), Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

      3.      At the end of the three (3) month period referred to above, unless there has been a determination to discharge Defendant under the procedures specified in 18 U.S.C. § 4241(e), the Court will hold a hearing to determine whether there is a substantial probability that within an additional reasonable period of time Defendant will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d)(2)(A). In either instance, no longer than thirty (30) days after the evaluation period lapses, Defendant shall be returned to FDC-Miami.

      4.      If, during Defendant's hospitalization, the director of the facility in which Defendant is hospitalized determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, then the director shall promptly file under seal a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida, with copies provided to the undersigned District Court Judge, to defense counsel Marc Seitles, Seitles & Litwin, P.A., Courthouse Center, 40 N.W. 3rd Street, Penthouse One, Miami, FL 33128, and to Assistant United States

Attorney Daniel Cervantes, 99 N .E. 4th Street, 6 Floor, Miami, Florida 33132. Upon the filing of the certificate, the Court will hold a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine the competency of the defendant.

5. In the alternative, if the director of the facility in which Defendant is hospitalized determines that Defendant is not competent and as a result his release would create a substantial risk of bodily injury to another person or serious damage to property of another, then the director shall promptly file under seal a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida, with copies provided to the undersigned District Court Judge, to defense counsel Marc Seitles, Seitles & Litwin, P.A., Courthouse Center, 40 N.W. 3rd Street, Penthouse One, Miami, FL 33128, and to Assistant United States Attorney Daniel Cervantes, 99 N .E. 4th Street, 6 Floor, Miami, Florida 33132. *See* 18 U.S.C. § 4246(a). Upon the filing of the certificate, the Court will hold a hearing pursuant to the provisions of 18 U.S.C. §§ 4246(a) and 4247(d).

6. The director of the facility in which Defendant is hospitalized shall be provided with any medical records of Defendant.

7. The period of delay resulting from the examination of the defendant and any subsequent judicial proceedings to determine Defendant's competency shall be deemed excluded for speedy trial calculations pursuant to 18 U S.C. § 3161(h)(l)(A).

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have 2 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within 1 day of the objection.1 Failure to file timely objections shall bar the Parties from a *de novo* determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on May 20, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Jose E. Martinez
All counsel of record

---

1    The Undersigned is shortening the deadlines because the parties agreed with the recommendations at the hearing.