UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case No. 15-CR-20151-MARTINEZ/GOODMAN**

UNITED STATES OF AMERICA

v.

FRANCKLIN PIERRE,

Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS ON
DEFENDANT'S COMPETENCY TO STAND TRIAL**

THE MATTER is before the Court upon United States Magistrate Judge Jonathan Goodman's Report and Recommendations on Defendant's Competency to Stand Trial [ECF No. 200]. Based on uncontested psychological reports and the parties' agreement, and following a hearing on the matter, Judge Goodman determined that the Defendant was mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. [*Id*. at 2]. The Court has reviewed the entire file and record and notes that no objections to the Magistrate Judge's Report and Recommendations have been filed. After careful consideration, the Court **AFFIRMS** and **ADOPTS** the Report and Recommendations.

Accordingly, it is **ADJUDGED** that

1.    Defendant is not presently competent to stand trial in this matter.

2.    Pursuant to 18 U.S.C. § 4241(d)(1), Defendant shall be committed to the custody of the Attorney General. The Attorney General shall immediately hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, which the Court has determined is

three (3) months. During that time, the director of the facility in which Defendant is hospitalized is directed to:

        a.      Conduct an evaluation to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the trial in this matter to proceed;

        b.      Conduct an evaluation to determine whether, pursuant to 18 U.S.C. §§ 4246(a) and (b), Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

        3.      At the end of the three (3) month period referred to above, unless there has been a determination to discharge Defendant under the procedures specified in 18 U.S.C. § 4241(e), the Court will hold a hearing to determine whether there is a substantial probability that within an additional reasonable period of time Defendant will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d)(2)(A). In either instance, no longer than thirty (30) days after the evaluation period lapses, Defendant shall be returned to FDC-Miami.

        4.      If, during Defendant's hospitalization, the director of the facility in which Defendant is hospitalized determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, then the director shall promptly file under seal a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida, with copies provided to the undersigned District Court Judge, to defense counsel Marc Seitles, Seitles & Litwin, P.A., Courthouse Center, 40 N.W. 3rd Street, Penthouse One, Miami, FL 33128, and to Assistant United States Attorney Daniel Cervantes, 99 N.E. 4th Street, 6 Floor, Miami, Florida

33132. Upon the filing of the certificate, the Court will hold a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine the competency of the defendant.

5.      In the alternative, if the director of the facility in which Defendant is hospitalized determines that Defendant is not competent and as a result his release would create a substantial risk of bodily injury to another person or serious damage to the property of another, then the director shall promptly file under seal a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida, with copies provided to the undersigned District Court Judge, to defense counsel Marc Seitles, Seitles & Litwin, P.A., Courthouse Center, 40 N.W. 3rd Street, Penthouse One, Miami, FL 33128, and to Assistant United States Attorney Daniel Cervantes, 99 N.E. 4th Street, 6 Floor, Miami, Florida 33132. *See* 18 U.S.C. § 4246(a). Upon the filing of the certificate, the Court will hold a hearing pursuant to the provisions of 18 U.S.C. §§ 4246(a) and 4247(d).

6.      The director of the facility in which Defendant is hospitalized shall be provided with any medical records of the Defendant.

7.      The period of delay resulting from the examination of the Defendant and any subsequent judicial proceedings to determine Defendant's competency shall be deemed excluded for speedy trial calculations pursuant to 18 U S.C. § 3161(h)(1)(A).

DONE AND ORDERED in Chambers at Miami, Florida, this **26** day of May, 2016.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record